## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LIMITED STORES COMPANY, LLC, *et al.*,[1] | ) | Case No. 17-10124 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**DEBTORS' MOTION TO SHORTEN NOTICE REGARDING (A) NOTICE
APPROVAL RELIEF AND (B) BID PROTECTIONS RELIEF IN SALE MOTION**

Limited Stores Company, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] respectfully state the following in support of this motion to shorten notice (the "Motion to Shorten"):

**Relief Requested**

1. The Debtors seek entry of (i) an order, substantially in the form attached hereto as **Exhibit A**, pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 6004-1(c), 9006-1 and 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (a) shortening the notice period so that the approval of the form and manner of noticing (the "Notice Approval Relief") requested in the *Debtors' Motion for Entry of (I) An Order (A) Approving Form and Manner of Notices, (B) Scheduling a Bid*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Limited Stores Company, LLC (6463); Limited Stores, LLC (0165); and The Limited Stores GC, LLC (6094). The location of the Debtors' service address is: 7775 Walton Parkway, Suite 400, New Albany, Ohio 43054.

[2] A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this motion and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Timothy D. Boates, Chief Restructuring Officer of Limited Stores Company, LLC, in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), on January 17, 2017 (the "Petition Date").

*Protections Hearing, an Auction, a Sale Hearing, and Establishing Dates and Deadlines Related Thereto, (C) Approving Procedures for the Assumption and Assignment of Executory Contracts, and (D) Granting Related Relief; (II) an Order (A) Approving Certain Bid Protections in Connection with the Sale of Certain of the Debtors' Assets and (B) Granting Related Relief, and (III) and Order (A) Approving the Asset Purchase Agreement Between the Debtors and the Purchaser, (B) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Interests, (C) Authorizing the Assumption and Assignment of Contracts, and (D) Granting Related Relief* (the "<u>Sale Motion</u>")[3] may occur at the first day hearing in these cases and (b) scheduling an expedited hearing on only the bidding protections portion of the relief (the "<u>Bid Protections Relief</u>") so that the Bid Protections Relief can be heard on or before January 27, 2017. The Debtors requests that any objections to the Bid Protections Relief by filed an served so as to be received by the undersigned no later than two business days prior to the hearing at 4:00 p.m. (Eastern Time).

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the

---

[3] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Sale Motion.

parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Basis for Relief**

4. Pursuant to Local Rule 9006-1 and Bankruptcy Rules 2002(a)(2) and 9006(f), parties are required to provide at least 21 days' notice of motions referenced in Bankruptcy Rule 2002(a)(2), with an additional three days for service by mail, unless approval of shortened notice is granted by the Court pursuant to Local Rule 9006-1(e). Del. Bankr. L.R. 9006-1(e). Local Rule 6004(c) allows the bidding and sale procedures to be heard upon an approved motion to shorten notice, and upon showing of compelling circumstances, will allow such bidding and sale procedures to be heard at the first day hearing. The Debtors <u>do not</u> seek to have the Bid Protections Relief heard on the first day, only the Notice Approval Relief.

5. As stated above, the Debtors seek to shorten this notice period to allow the Notice Approval Relief to occur at the first day hearing in these cases. Furthermore, the Debtors seek to shorten the notice period to allow the Bid Protections Relief to be heard on or before January 27, 2017, which will facilitate a sale process for a sale that could be approved by February 16, 2017.

6. <u>Notice Approval Relief</u>. The Debtors seek to have the form and manner of noticing set forth in the Sale Motion considered at the first day hearing in these cases. The Debtors are cognizant that they are requesting a short time frame for their sale process. The bases for such expedited timeframe are set out more fully below and in the Sale Motion, the First Day Declaration, and the Declaration of Durc Savini in support of the Sale Motion and attached thereto as <u>Exhibit D</u> and attached hereto as **<u>Exhibit B</u>** (the "<u>Savini Declaration</u>").[4] In order to

---

[4] The provisions of the Sale Motion, the First Day Declaration, and the Savini Declaration addressing the requested timeline are incorporated herein by reference.

minimize any possible negative impact of the expedited timeframe, the Debtors seek to provide as much notice as possible of the Bid Protections Relief and the remainder of the relief requested in the Sale Motion. In order to do so, the Debtors must seek approval of their noticing procedures and forms at the Court's earliest opportunity. Since the actual form of such notices and the procedures associated therewith are generally not controversial, considering the Notice Approval Relief at the first day hearing should not negatively impact any of the parties. However, should the Notice Approval Relief not be considered immediately, the expedited timeframe could potentially be jeopardized, which in turn could jeopardize the proposed sale and reduce creditor recoveries in these cases. As explained in detail in the Sale Motion, First Day Declaration, and Savini Declaration, as well as below, prepetition, the Debtors conducted a fulsome sale process followed by a bidding contest between two interested buyers, which resulted in the Purchaser APA. However, as a part of the Purchaser APA, the Purchaser required an expedited sale process. Notably, the other bidder demanded a similar timetable in their bids. Indeed, the Purchaser may terminate the Purchaser APA if the Bid Protection Order is not entered on or before February 3, 2017 and the Sale Order is not entered on or before February 24, 2017.

7. <u>Bid Protections Relief</u>. The Debtors will make every effort to assist the Office of the United States Trustee (the "<u>UST</u>") with setting a creditors' committee formation meeting at its earliest convenience. Due to the publicity of the Debtors prepetition actions and the number of large creditors that are likely to be selected for the creditors' committee, it is likely that the eventual committee members were anticipating the Debtors' seeking bankruptcy protection. Accordingly, these creditors will require less time to become familiar with these proceedings and should be able to respond to the issues raised by the Sale Motion expeditiously.

8. The Purchaser APA contains certain milestones that were heavily negotiated between the Debtor and the Purchaser. Namely, as more fully set forth in the Sale Motion, the Debtors must seek the scheduling of the hearing on the Bid Protections Relief to occur within ten (10) days after the Petition Date and the hearing on the approval of the remainder of the Sale Motion to occur within thirty (30) days after the Petition Date. Compliance with these milestones will allow the Debtors to obtain the full bargain of the transaction. If the Debtors are unable to meet these milestones, the Purchaser may terminate the Purchaser APA, or use the threat of such termination to negotiate the value to the Debtors downward, thus jeopardizing the Debtors' negotiating efforts and imperiling the creditor recoveries.

9. The Sale Motion, along with the First Day Declaration and the Savini Declaration, more fully set forth the background of the Debtors, their liquidity crisis, and most importantly, their marketing efforts. Although the Debtors would welcome a higher or better offer, in light of their extensive and competitive prepetition marketing process, as well as the significant media coverage regarding the sale process that would have been expected to notify any additional interested parties not contacted by Guggenheim of the potential opportunity, the Debtors do not believe that a longer process would materially increase the Debtors' prospects of receiving such a higher or better offer.

10. The Debtors also submit that a delay in the sale process would undoubtedly increase the administrative expense of these chapter 11 cases. By expediting the timeframe for approval of the Sale Motion, the Debtors will be able to limit such administrative expenses that would otherwise dilute creditor recoveries.

11. The Debtors submit for the reasons set forth above that shortening the notice for the Notice Approval Relief and Bid Protections Relief is appropriate in this instance and in the best interest of the Debtors, their estates, and their creditors.

**Notice**

12. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the administrative agent under the Debtors' prepetition term loan; (d) counsel to the administrative agent under the Debtors' prepetition term loan; (e) the agent under the Debtors' proposed debtor-in-possession credit facility; (f) counsel to the agent under the Debtors' proposed debtor-in-possession credit facility; (g) the United States Attorney's Office for the District of Delaware; (h) all taxing authorities having jurisdiction over any of the Assets, including the Internal Revenue Service; (i) the Environmental Protection Agency; (j) the office of the attorneys general for the states in which the Debtors operate; (k) the Securities and Exchange Commission; (*l*) counsel to the Purchaser; (m) all parties that have expressed a written interest in acquiring any of the Assets, (n) the Executory Contract Counterparties, (o) all parties that are known or reasonably believed by the Debtors to have asserted any lien, encumbrance, claim or other interest in the Assets; (p) all governmental agencies that are known or reasonably believed by the Debtors to be an interested party with respect to the Sale and the related transactions, and (q) any party that has requested notice pursuant to Bankruptcy Rule 2002. As this motion is seeking "first day" relief, within two business days of the hearing on this motion, the Debtors will serve copies of this motion and any order entered in respect to this motion as required by Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

13. No prior request for the relief sought in this motion has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (a) providing that the Notice Procedures Relief be heard at the first day hearing, (b) shortening the notice requirements under Bankruptcy Rules 2002 and 9006 and Local Rule 9006-1(e) so that the Bid Protections Relief may be heard on or before January 27, 2017, (c) providing that any objections to the Sale Procedures Relief must be filed and served so as to be received on or before two business days prior to the hearing at 4:00 p.m. and (d) granting such other and further relief as the Court may deem appropriate.

| | |
|---|---|
| Wilmington, Delaware<br>Dated: January 17, 2017 | */s/ Domenic E. Pacitti*<br>Domenic E. Pacitti (DE Bar No. 3989)<br>Michael W. Yurkewicz (DE Bar No. 4165)<br>**KLEHR HARRISON HARVEY BRANZBURG LLP**<br>919 North Market Street, Suite 1000<br>Wilmington, Delaware 19801<br>Telephone: (302) 426-1189<br>Facsimile: (302) 426-9193<br>Email: dpacitti@klehr.com<br>myurkewicz@klehr.com<br><br>*Proposed Counsel to the Debtors* |