# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LSC Wind Down LLC, *et al.*,[1]<br><br>                Post-Confirmation Debtors. | Chapter 11<br><br>Case No. 17-10124 (KJC)<br><br>(Jointly Administered) |
| Limited Creditors' Liquidating Trust,<br><br>                Plaintiff,<br><br>vs.<br><br>Arden Jewelry Mfg. Co.,<br><br>                Defendant. | Adv. No. **Refer to Summons** |

## COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502

The Limited Creditors' Liquidating Trust (the "Trust" or "Plaintiff"), by and through its undersigned counsel, files this complaint (the "Complaint") to avoid and recover transfers against Arden Jewelry Mfg. Co. (the "Defendant") and to disallow any claims held by Defendant. In support of this Complaint, Plaintiff alleges upon information and belief that:

## NATURE OF THE CASE

1. Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the ninety (90) day period prior to the commencement of the bankruptcy proceedings of LSC Wind Down LLC and its affiliated debtors (collectively, the "Debtors")[2] pursuant to sections 547 and 550 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Subject to proof, Plaintiff also seeks to avoid and recover from Defendant or any other person or entity for

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: LSC Wind Down, LLC f/k/a Limited Stores Company, LLC (6463), LS Wind Down, LLC f/k/a Limited Stores, LLC (0165), and TLSGC Wind Down, LLC f/k/a The Limited Stores GC, LLC (6094).

[2] The "Debtors" are all entities listed in footnote 1.

whose benefit transfers were made pursuant to sections 548 and 550 of the Bankruptcy Code any transfers that may have been fraudulent conveyances.

2.   In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtors or that has been scheduled for Defendant. Plaintiff does not waive but hereby reserves all of its rights and the rights of the reorganized Debtors to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

3.   This court has subject matter jurisdiction over this adversary proceeding, which arises under title 11, arises in, and relates to cases under title 11, in the United States Bankruptcy Court for the District of Delaware (the "Court"), captioned *In re LSC Wind Down LLC, et al.,* Case No. 17-10124 (KJC), pursuant to 28 U.S.C. §§ 157 and 1334(b).

4.   The statutory and legal predicates for the relief sought herein are sections 502, 547, 548, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5.   This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter final orders for matters contained herein.

6.   Venue is proper in the District of Delaware pursuant to 28 U.S.C. § 1409.

7.   Pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Plaintiff consents to this Court's entry of final orders or judgments with regard to any claim in this action if it is later

determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## PROCEDURAL BACKGROUND

8. On January 17, 2017 (the "Petition Date"), the Debtors each commenced a case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code.

9. On January 18, 2017, the Court entered an order authorizing the joint administration of the chapter 11 cases for procedural purposes pursuant to Bankruptcy Rule 1015(b) [D.I. 56].[3]

10. On December 20, 2017, this Court entered an order confirming the *Second Modified Joint Chapter 11 Plan of Liquidation of LSC Wind Down, LLC f/k/a Limited Stores Company, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Confirmation Order" and "Plan," respectively). [Plan, D.I. 700; Confirmation Order, D.I. 713].

11. The effective date of the Plan (the "Effective Date") occurred on January 2, 2018. [D.I. 740]. In accordance with the Plan and Confirmation Order, the Limited Creditors' Liquidating Trust (the "Trust") was established effective as of the Effective Date of the Plan, and the Debtors and the Trustee entered into that certain Liquidating Trust Agreement.[4]

12. Pursuant to paragraph 60 of the Confirmation Order and Section 6.1 of the Plan, the Plan Trust Assets, including Third Party Claims which include avoidance actions arising under chapter 5 of the Bankruptcy Code, were transferred to the Trust. [D.I. 713].

13. Pursuant to Article II of the Plan and Section 3.5.4 of the *Disclosure Statement With Respect to Modified Joint Chapter 11 Plan of Liquidation of LSC Wind Down, LLC f/k/a Limited*

---

[3] All docket items referenced are from Case No. 17-10124, under which the Debtors' bankruptcy cases are jointly administered.

[4] *See* D.I. 685. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan, Confirmation Order, and Liquidating Trust Agreement.

*Stores Company, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "<u>Disclosure Statement</u>"),[5] General Unsecured Claims comprise an impaired class of creditors and are not expected to be paid in full.

## THE PARTIES

14. Pursuant to the Plan, Confirmation Order, and the Liquidating Trust Agreement, Plaintiff has the capacity, in its own right and name, to prosecute, collect, compromise, and/or settle causes of action under Sections 547, 548 and 550 of the Bankruptcy Code, including this avoidance action.

15. Upon information and belief, Defendant was, at all relevant times, a vendor or creditor that manufactured costume jewelry to or for the Debtors. Upon further information and belief, at all relevant times, Defendant's principal place of business is located at 10 Industrial Lane, Johnston, Rhode Island 02919. Plaintiff is informed and believes, and on that basis, alleges that Defendant is a corporation residing in and subject to the laws of the State of Rhode Island.

## FACTUAL BACKGROUND

16. As more fully discussed in the Disclosure Statement, as of the Petition Date, the Debtors were a multi-channel retailing company which specialized in the sale of women's clothing. From their beginnings as a single store in the 1960s, the Debtors were able to expand over the decades by pioneering vertically integrated specialty retailing, where they controlled every element of the process, including design, production, marketing, selling, and customer service. At their peak, the Debtors operated approximately 750 brick and mortar retail locations in the United States, as well as maintaining an e-commerce channel online.

---

[5] D.I. 617.

17. Prior to the Petition Date, the Debtors, as women's clothing retailers, maintained business relationships with various business entities, through which the Debtors regularly purchased, sold, received, and/or delivered goods and services.

18. As women's clothing retailers, the Debtors regularly purchased goods from various entities including vendors, creditors, suppliers and distributors. The Debtors also regularly paid for services used to facilitate their business.

19. The Debtors' financial difficulties that led to the decision to file the Bankruptcy Case are attributable to a combination of factors, all of which placed significant stress on the Debtors' liquidity position in the months leading up to the Petition Date. These factors included, among other things, (i) the overall retail shift away from shopping at brick and mortar stores, and (ii) increased competition from large "fast fashion" retailers. These trends resulted in the Debtors' EBITDA declining approximately 93% from 2015 to 2016, 95% below the Debtors' projections.[6] As a result of decreased operating performance from these factors, the Debtors were unable to comply with various covenants in their debt documents, including their Terms Loan Agreement and Prepetition Secured Credit Agreement. This necessitated various amendments to the Term Loan Agreement and Prepetition Secured Credit Agreement throughout 2015 and 2016. Ultimately, however, the significant strain placed by these events on the Debtors' liquidity necessitated the chapter 11 cases.

20. As of the Petition Date, the Debtors utilized a cash management system (the "Cash Management System") for the collection, management, and disbursement of funds in the Debtors' business.[7] As of the Petition Date, the Cash Management System consisted of several bank

---

[6] *See* Disclosure Statement, D.I. 617.
[7] More information on the Debtors' cash management system can be found in the *Debtors' Motion for Entry of an Interim and Final Order (I) Authorizing Debtors to (A) Continue to Operate Their Cash Management System, (B)*

account types, including: concentration, accounts payable, payroll, and depository accounts, which were maintained at Bank of America, N.A. ("BofA"), Wells Fargo Bank, N.A. ("Wells Fargo"), and Solutran/Lake Region Bank ("Solutran" and, collectively with BofA and Wells Fargo, the "Banks") [*See* D.I. 7].

21. Among these bank accounts, disbursements to vendors of LS Wind Down, LLC f/k/a Limited Stores, LLC ("Limited Stores") were made from the following accounts, both held by Limited Stores at Bank of America: an account ending 183 (the "Concentration Account"), and an account ending 478 (the "Accounts Payable Account" and, together with the Concentration Account, the "Disbursement Accounts"). The Concentration Account funded wires and ACHs, while payments by check were made from the Accounts Payable Account.

22. Limited Stores drew upon the Disbursement Accounts to pay for its operational costs, including payment to its vendors, suppliers, distributors, and other creditors, including Defendant.

23. During the ninety (90) days before the Petition Date, that is between October 19, 2016, and January 17, 2017 (the "Preference Period"), Limited Stores continued to operate its business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to various entities.

24. Upon information and belief, during the course of their relationship, Limited Stores and Defendant entered into agreements, which are evidenced by invoices, communications and other documents (collectively, the "Agreements"). The Agreements concerned and related to the goods and/or services provided by Defendant to Limited Stores as described in the "Parties" section of this Complaint. The details of each of the Agreements paid for during the Preference

---

*Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Business Forms, and (II) Granting Related Relief* [D.I. 7].

Period are set forth on the Statement of Account, which is attached hereto and incorporated by reference as <u>Exhibit A</u>. Such details include "Invoice Number," "Invoice Date," and "Invoice Amount."

25. Limited Stores and Defendant conducted business with one another through and including the Petition Date pursuant to the Agreements.

26. As identified in the Agreements identified on <u>Exhibit A</u>, Limited Stores purchased goods and/or services from Defendant.

27. Plaintiff has completed an analysis of all readily available information of the Debtors and is seeking to avoid all of the transfers of an interest of Limited Stores' property made by Limited Stores to Defendant within the Preference Period.

28. Limited Stores made transfer(s) of an interest of the Limited Stores' property to or for the benefit of Defendant during the Preference Period through payments aggregating to an amount not less than $14,205.19 (the "<u>Transfer</u>" or "<u>Transfers</u>"). The details of each Transfer are set forth on <u>Exhibit A</u> attached hereto and incorporated by reference. Such details include "Check Number," "Check Amount," "Check Clear Date," and "Debtor Transferor(s)."

29. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by the Debtors of an interest of the Debtors in property and to or for the benefit of Defendant or any other transferee. Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action authorized by the Plan, if applicable (collectively, the "<u>Amendments</u>"), that may become known to Plaintiff at any time during this

adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## CLAIMS FOR RELIEF

### COUNT I
### (Avoidance of Preference Period Transfers – 11 U.S.C. § 547)

30. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

31. As more particularly described on Exhibit A attached hereto and incorporated herein, during the Preference Period, Limited Stores made Transfers to or for the benefit of Defendant in an aggregate amount not less than $14,205.19.

32. Each Transfer was made from one or more of the Disbursement Accounts described *supra,* and constituted transfers of an interest in property of Limited Stores.

33. Defendant was a creditor of Limited Stores at the time of each Transfer by virtue of supplying the goods and/or services identified in this Complaint and in the Agreements to Limited Stores, as more fully set forth on Exhibit A hereto, for which Limited Stores was obligated to pay following delivery in accordance with the Agreements. *See* Exhibit A.

34. Each Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then owed by Limited Stores to Defendant. *See* Exhibit A.

35. Each Transfer was made for, or on account of, an antecedent debt or debts owed by Limited Stores to Defendant before such Transfers were made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by Limited Stores as set forth on Exhibit A hereto.

36. Each Transfer was made while Limited Stores was insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

37. Each Transfer was made during the Preference Period, as set forth on Exhibit A.

38. As a result of each Transfer, Defendant received more than Defendant would have received if: (i) Limited Stores' case were under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by the Debtors' schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, the Debtors' and Limited Stores' liabilities exceed their assets to the point that unsecured creditors will not receive a full payout of their claims from the Debtors' bankruptcy estates.

39. In accordance with the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

**COUNT II**
**(Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))**

40. Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

41. To the extent one or more of the Transfers identified on Exhibit A was not made on account of an antecedent debt, was a prepayment for goods and/or services subsequently received, or was incurred by another Debtor but paid for by Limited Stores without a corresponding intercompany receivable recorded by the Debtor incurring the debt, Plaintiff pleads in the alternative that Limited Stores did not receive reasonably equivalent value in exchange for such transfer(s) (the "Potentially Fraudulent Transfers"); and

      A.    Limited Stores was insolvent as of the date of the Transfer(s), or became insolvent as a result of the Transfer(s); or

      B.    Limited Stores was engaged, or about to engage, in business or a transaction for which any property remaining with Limited Stores or for whose benefit the Transfer(s) was made was an unreasonably small capital; or

      C.    Limited Stores intended to incur, or believed it would incur, debts beyond its ability to pay upon maturity.

42. Based upon the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

## COUNT III
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

43. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Count.

44. Plaintiff is entitled to avoid the Transfer(s) pursuant to 11 U.S.C. § 547(b) and/or any Potentially Fraudulent Transfers pursuant to 11 U.S.C. § 548 (collectively, the "Avoidable Transfers").

45. Defendant was the initial transferee of the Avoidable Transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfer(s) were made.

46. Pursuant to 11 U.S.C.§ 550(a), Plaintiff is entitled to recover from Defendant the Avoidable Transfer(s), plus interest thereon to the date of payment and the costs of this action.

## COUNT IV
### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

47. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

48. Defendant is a transferee of transfers avoidable under sections 547 and/or 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

49. Defendant has not paid the amount of the Avoidable Transfer(s), or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

50. Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignee, against the Debtors' chapter 11 estates or Plaintiff must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s), plus interest thereon and costs.

51. Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant, and/or its assignee, against the Debtors' chapter 11 estates or Plaintiff previously allowed by the Debtors or by Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant it the following relief against Defendant:

A. On Plaintiff's First, Second, and Third Claims for Relief, judgment in favor of Plaintiff and against Defendant, avoiding all of the Avoidable Transfers and directing Defendant to return to Plaintiff the amount of the Avoidable Transfers, pursuant to 11 U.S.C. §§ 547(b), 548, and 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B. On Plaintiff's Fourth Claim for Relief, judgment in favor of Plaintiff and against Defendant disallowing any claims held or filed by Defendant against the Plaintiff or the Debtors' estates until Defendant returns the Avoidable Transfers to Plaintiff pursuant to 11 U.S.C. § 502(d) and (j); and

C. Granting Plaintiff such other and further relief as this Court may deem just and proper.

Dated: January 15, 2019

**BAYARD, P.A.**

*/s/ Justin R. Alberto*
Justin R. Alberto (No. 5126)
Gregory J. Flasser (No. 6154)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
Email: jalberto@bayardlaw.com
　　　　gflasser@bayardlaw.com

*-and-*

**ASK LLP**

By:  */s/ Kara E. Casteel*
Joseph L. Steinfeld, Jr., Esq., MN SBN 0266292
Kara E. Casteel, Esq., MN SBN 0389115
Anastasia Kazmina, Esq., MN SBN 0398419
ASK LLP
2600 Eagan Woods Drive, Suite 400
St. Paul, MN  55121
Telephone: (651) 289-3854
Fax: (651) 406-9676
Email: akazmina@askllp.com

*-and-*

Edward E. Neiger, Esq.
151 West 46th Street, 4th Fl.
New York, NY  10036
Telephone: (212) 267-7342
Fax: (212) 918-3427

*Counsel for the Limited Creditors'
Liquidating Trust*