# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>LSC WIND DOWN, LLC, *et al.*,[1]<br><br>Post-Confirmation Debtors. | Chapter 11<br><br>Case No. 17-10124 (KBO)<br><br>(Jointly Administered)<br><br>Hearing Date: February 10, 2021 at 10:00 a.m. (ET)<br>Objection Deadline: January 4, 2021 at 4:00 p.m. (ET) |

## MOTION OF PLAN TRUSTEE FOR AN ORDER EXTENDING
## THE CLAIMS OBJECTION DEADLINE TO JUNE 28, 2021

UMB Bank, National Association (the "Plan Trustee"), in its capacity as trustee of the Limited Creditors' Liquidating Trust (the "Trust"), hereby submits this Motion for an order substantially in the form of attached Exhibit A, further extending the deadline established by the Plan (defined below) to object to claims for approximately 180 days, from December 29, 2020 through and including June 28, 2021. In support of the Motion, the Plan Trustee respectfully states:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Article XI of the Plan. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and other bases for the relief requested herein are set forth in sections 105(a), 502, and 503 of the Bankruptcy Code, Bankruptcy Rule 9006, Rules 9006-1 and 9006-2 of the *Local Rules of Bankruptcy Practice and Procedure of the United States*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: LSC Wind Down, LLC f/k/a Limited Stores Company, LLC (6463); LS Wind Down, LLC f/k/a Limited Stores, LLC (0165); and TLSGC Wind Down, LLC f/k/a The Limited Stores GC, LLC (6094).

*Bankruptcy Court for the District of Delaware* (the "Local Rules"), and Sections 1.19 and 8.7 of the Plan.

3. Pursuant to Local Rule 9013-1(f), the Plan Trustee consents to the entry of a final judgment or order with respect to the Motion if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

### A. Procedural Background

4. On January 17, 2017 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5. On February 16, 2017, the Bankruptcy Court entered the *Order Establishing Deadlines for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [2] establishing, among other things, (i) April 5, 2017 as the last date for persons or entities other than governmental units to file proofs of prepetition claims, including administrative expense claims arising pursuant to section 503(b)(9) of the Bankruptcy Code (the "General Bar Date"); and (ii) July 17, 2017 as the last date for governmental units to file proofs of claim (the "Governmental Bar Date"). To date, 1,440 proofs of claim have been filed.

6. On December 20, 2017, the Bankruptcy Court entered an order (the "Confirmation Order"),[3] *inter alia*, (i) confirming the *Second Modified Joint Chapter 11 Plan of Liquidation of LSC Wind Down, LLC F/K/A Limited Stores Company, LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (including all exhibits thereto, and as

---

[2] Docket No. 235.

[3] Docket No. 713.

amended, supplemented, or modified from time to time pursuant to the terms thereof, the "Plan");[4] (ii) approving the Liquidating Trust Agreement and Declaration of Trust (the "Plan Trust Agreement"); and (iii) designating and approving the Plan Trustee to administer the Trust.

7. The Plan became effective on January 2, 2018 (the "Effective Date").[5] On the Effective Date, the Trust was established, and the Plan Trustee was appointed according to the terms and conditions of the Plan, the Confirmation Order and the Plan Trust Agreement.

8. Under the Plan, among other things, the Plan Trustee is authorized and empowered to review, reconcile, compromise, settle or object to Claims.[6] Further, the Plan Trust Agreement authorizes and empowers the Plan Trustee to review and, where appropriate, cause the Trust to allow or object to Claims, and supervise and administer the Trust's commencement, prosecution, settlement, compromise, withdrawal or resolution of all objections to Disputed Claims.[7]

9. The Plan established a deadline of thirty days after the Effective Date (*i.e.*, February 1, 2018) as the last day and time to file requests for payment of Administrative Claims other than Professional Fee Claims, DIP Facility Claims, Administrative Tax Claims under sections 503(b)(1)(B) and (C) of the Bankruptcy Code, amounts owed to the U.S. Trustee, Substantial Contribution Claims and Section 503(b)(9) Claims[8] (the "Administrative Bar Date" and, together with the General Bar Date and the Government Bar Date, the "Bar Dates").

---

[4] Docket No. 700. Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

[5] Docket No. 740.

[6] Plan § 6.1(c)(i).

[7] Plan Trust Agreement § 3.2.15.

[8] Plan § 4.6.

3

10. Sections 1.19, 4.6, 7.4, and 8.7 of the Plan, taken together, provide that all objections to Claims must be filed within 180 calendar days after the Effective Date of the Plan (*i.e.*, July 1, 2018) (the "Claims Objection Deadline"), subject to extension on presentment of an order to the Bankruptcy Court. As a result of prior extensions granted by the Bankruptcy Court, the current Claims Objection Deadline is December 29, 2020.[9]

B. **Current Status of Trust Administration**

11. From and after its appointment, the Plan Trustee has focused on administering the efficient and cost-effective wind-down of the Debtors' Estates. As soon as practicable after the Effective Date of the Plan, during the first calendar quarter of 2018, the Plan Trustee paid all undisputed senior Claims which, exclusive of Professional Fee Claims, comprised distributions on account of Administrative Claims, Miscellaneous Secured Claims, Priority Tax Claims, Priority WARN Claims and Priority Non-Tax Claims totaling approximately $1.05 million. Since that time, numerous other senior Claims have been resolved consensually and paid in full on a rolling basis. The Trust made its most recent "catch-up" distribution in respect of newly-allowed senior Claims in early August, 2020.

12. Throughout the post-Effective Date administration of the Debtors' Estates, the Plan Trustee has been actively working on rationalizing the Claims pool through its Claims review and reconciliation efforts. Specifically, the Plan Trustee has: (i) filed six omnibus objections addressing approximately 180 claims; (ii) identified more than 50 filed and scheduled Claims that have been satisfied post-petition by payment authorized by Bankruptcy Court order or the Plan; (iii) identified approximately 100 scheduled liabilities that were superseded by proofs of claim but were not matched by the Debtors' Claims agent; and (iv) informally

---

[9] Docket Nos. 838, 892, 1037, 1903 and 1118.

negotiated with creditors to reconcile and resolve numerous other disputed Claims that have not, to date, been the subject of a filed objection.[10] These endeavors, taken together, have resulted in a reduction of the claims pool by over $118 million (plus unliquidated amounts) across all priority levels. The Plan Trustee's review and reconciliation of Disputed Claims is ongoing, although currently, only a handful of material unresolved claims remain.

13. Among the unresolved claims are six general unsecured claims filed by the Debtors' former majority shareholders and/or certain of their affiliates (collectively, "Sun Capital"), each asserted in the amount of approximately $1.16 million (the "Sun Capital Claims"). Relatedly, the Plan Trustee is continuing its efforts to monetize the Debtors' remaining assets for the benefit of the Debtors' creditors and Estates. The most significant asset to be liquidated is pending litigation against Sun Capital (the "Fraudulent Transfer Action") seeking to recover over $42 million in allegedly fraudulent transfers, which initially was filed in the United States District Court for the Southern District of Florida but has since been transferred to this Court for adjudication.[11]

14. As described to the Court in connection with the Trust's most recent motion to extend the Claims Objection Deadline,[12] the Fraudulent Transfer Action is proceeding according to the amended scheduling order entered on November 13, 2020, pursuant to which discovery in the adversary proceeding runs through June 25, 2021, and a 5-day trial is scheduled to begin on November 15, 2021.[13] Although no meaningful settlement discussion have occurred

---

[10] Docket Nos. 984, 1062, 1063, 1071, 1097, 1124, 1125 and 1134.

[11] *UMB Bank N.A., as Plan Trustee of the Limited Creditors' Liquidating Trust v. Sun Capital Partners V, L.P, et al.,* Adv. Pro. No. 19-50272 (KBO) (the "Adversary Docket").

[12] *See* Docket No. 1109 at ¶¶ 14-15.

[13] Adversary Docket No. 47.

DOCS_DE:232230.1 51411/003

to date, the case is set for mediation before the Honorable Allan K. Gropper on March 10, 2021.[14]

15. Resolution of the Fraudulent Transfer Action is key to determining the appropriate level of claims administration activities going forward. As previously reported to the Court, in light of the projected recoveries for unsecured creditors, the Plan Trustee has deferred reconciliation of lower-dollar general unsecured claims to avoid incurring unnecessary administrative costs that do not translate in a benefit to the Estates based on the present distributive value of those claims.[15] Because of the substantial magnitude of the Trust's affirmative claims in the Fraudulent Transfer Action, its outcome may significantly increase the funds available for distribution to unsecured creditors in these cases, in turn increasing the materiality threshold for a substantive claim review above the level that is cost-effective under current circumstances. Also for efficiency reasons, the Plan Trustee has deferred reconciliation of the Sun Capital Claims, to the extent that these claims have the potential to be suitably addressed with Sun Capital in the context of the Fraudulent Transfer Action.

16. The requested extension of the Claims Objection Deadline therefore will allow the Plan Trustee to assess the actual impact of the Fraudulent Transfer Action on both the unsecured claims pool and the assets available for distribution, and then make informed decisions as to the appropriate approach with respect to the remaining Claims, unsecured creditor distributions, and the final tasks attendant to completing the wind-down of the Debtors' Estates.

---

[14] Adversary Docket No. 51.

[15] The Disclosure Statement filed on November 7, 2017 [Docket No. 617] projected that expected recoveries for holders of General Unsecured Claims would depend on litigation outcomes and be less than 1% of the Allowed amount of their respective Claims. *See* Disclosure Statement § 3.5.4.

## RELIEF REQUESTED

17.In light of the foregoing factors, the Plan Trustee respectfully requests entry of an order extending the Claims Objection Deadline for a period of approximately 180 days, from December 29, 2020 through and including June 28, 2021.[16] The proposed extension is without prejudice to the Plan Trustee's right to seek additional extensions of the Claims Objection Deadline as appropriate.

## BASIS FOR RELIEF

18.Sections 502 and 503 of the Bankruptcy Code contemplate that claims will be challenged when appropriate and, if necessary, estimated.[17] On behalf of the Debtors' Estates, the Plan vests the discretion to object to or seek estimation of Claims in the Plan Trustee. Although the Plan sets an initial deadline by which such challenges must be raised, it also expressly contemplates extension of the Claims Objection Deadline by order of the Bankruptcy Court.[18]

19.Bankruptcy Rule 9006(b) also provides for extensions of time for cause. Specifically:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion … with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.[19]

---

[16]Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the current Claims Objection Deadline serves to automatically extend the deadline until such time as the Bankruptcy Court rules on this Motion. *See* Del. Bankr. L.R. 9006-2.

[17]*See* 11 U.S.C. §§ 502(b)-(c), 503.

[18]Plan §§ 1.19, 8.7.

[19]Fed R. Bankr. P. 9006(b)(1).

7

DOCS_DE:232230.1 51411/003

Finally, section 105 of the Bankruptcy Code provides that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."[20]

20. The Plan Trustee respectfully submits that extension of the Claims Objection Deadline by approximately 180 days is fundamental to the efficient administration of the Debtors' Estates and is in the best interests of creditors. As discussed above, the Plan Trustee is working diligently to generate value for creditors and is working to cost-effectively reconcile and allow Claims while litigation efforts are ongoing. In that regard, the Plan Trustee has not undertaken a substantive review of Claims that currently are unlikely to receive a Distribution, nor has the Plan Trustee pursued objections to certain Claims that would not be cost-effective based on the status quo. Should the Trust recover amounts that materially impact potential distributions, the Plan Trustee may undertake such additional review and objections.

21. The requested extension of the Claims Objection Deadline will not prejudice any claimant or other party in interest, and will benefit creditors holding valid Claims. Extension of the Claims Objection Deadline is not sought for purposes of delay, nor will it affect any claimant's substantive defense(s) to any objection. Rather, the extension is intended to ensure that Claims will only be challenged after a meaningful review and a determination that pursuing litigation necessary to resolve them is cost-effective and value-maximizing for creditors.

22. Absent the extension, creditors may suffer unnecessary and unfair prejudice. Either the Plan Trustee will be precluded from challenging invalid and/or overstated Claims or, alternatively, it will be forced to lodge hastily prepared "protective" objections that

---

[20] 11 U.S.C. § 105(a).

DOCS_DE:232230.1 51411/003

may not be cost-effective and/or prepared without the benefit of a full review and analysis by the Plan Trustee and its professionals.

## **NOTICE**

23. Notice of this Motion has been provided to (i) the Office of the United States Trustee for the District of Delaware and (ii) those parties that have requested notice pursuant to Bankruptcy Rule 2002. In light of the procedural nature of the post-confirmation relief requested herein, the Plan Trustee submits that such notice is sufficient under the circumstances and that no other or further notice is required.

WHEREFORE, the Plan Trustee respectfully requests that this Court (i) enter an order, substantially in the form attached hereto as <u>Exhibit A</u> extending the Claims Objection Deadline for a period of approximately 180 days, from December 29, 2020 through and including June 28, 2021, without prejudice to the Plan Trustee's right to seek additional extensions of such deadline as appropriate; and (ii) grant such other and further relief as the Bankruptcy Court may deem just and proper.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>December 18, 2020 | PACHULSKI STANG ZIEHL & JONES LLP<br><br>By: */s/ James E. O'Neill*<br>Bradford J. Sandler (Bar No. 4142)<br>James E. O'Neill (Bar No. 4042)<br>919 North Market Street, 17th Floor<br>P O Box 8705<br>Wilmington, Delaware 19899 (Courier 19801)<br>Telephone: (302) 426-1189<br>Facsimile: (302) 426-9193<br>Email: bsandler@pszjlaw.com<br>      joneill@pszjlaw.com<br><br>and<br><br>KELLEY DRYE & WARREN LLP<br>James S. Carr (admitted *pro hac vice*)<br>Kristin S. Elliott (admitted *pro hac vice*)<br>101 Park Avenue<br>New York, New York 10178<br>Telephone: (212) 808-7800<br>Facsimile: (212) 808-7897<br><br>and<br><br>KELLEY DRYE & WARREN LLP<br>Dana P. Kane, Esq. (admitted *pro hac vice*)<br>One Jefferson Road, Second Floor<br>Parsippany, New Jersey 07054<br>Telephone: (973) 503-5900<br>Email: dkane@kelleydrye.com<br><br>*Co-Counsel to the Plan Trustee* |

DOCS_DE:232230.1 51411/003